## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT,<br><br>                    Plaintiff,<br><br>          *v.*<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES DEPARTMENT OF STATE,<br><br>                    Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Civil Action No. 1:21-cv-09519 |

1.      This case is about the Defendant agencies' flawed implementation of the Freedom of Information Act ("FOIA") and their ongoing neglect of the FOIA's affirmative disclosure requirements. Plaintiff the International Refugee Assistance Project ("IRAP") is a non-profit legal organization that regularly uses the FOIA to obtain documents from federal agencies in connection with its representation of and advocacy for refugees. To reduce the time and resources IRAP expends identifying, requesting, and litigating over records in Defendants' possession, IRAP requested documents describing Defendants' major information systems and their policies for administering the FOIA. IRAP filed this lawsuit to compel production of these records and to challenge Defendants' failure to affirmatively index and describe all of their major information systems, as required by the FOIA.

2.      The FOIA promises openness, transparency, and easy access to government records, but Defendants' implementation of the FOIA falls far short of these standards. IRAP spends hundreds of hours each year tracking down information about agency actions, submitting

FOIA requests, and challenging the adequacy of Defendants' FOIA productions—in part because it is difficult to discern what types of records the Defendant agencies keep and what systems they rely on to collect and store information.

3.      In 1996, Congress passed the Electronic Freedom of Information Act ("E-FOIA") amendments, which required, *inter alia*, that each agency prepare an index and descriptions of all of its major information systems. This requirement, enshrined in Section 552(g) of the FOIA ("Infosystems Requirement"), was designed to help the public better understand the types and locations of agency records. In 2016, the Infosystems Requirement was amended to specify that agencies must make these materials "available for public inspection in an electronic format." Nonetheless, more than two decades after the E-FOIA amendments, Defendants do not maintain indexes or descriptions of their major information systems on their websites.

4.      In August 2021, IRAP filed FOIA requests with Defendants U.S. Department of State ("State Department") and U.S. Citizenship and Immigration Services ("USCIS"). Among other things, IRAP requested an index and descriptions of major information systems and documents related to Defendants' policies for processing FOIA requests. As of filing, USCIS has not responded to IRAP's request. The State Department denied IRAP's request and IRAP's administrative appeal remains pending past the statutory deadline.

5.      Having exhausted its requests administratively, IRAP now brings suit to require the State Department and USCIS to produce the requested records in their entirety.

6.      IRAP also seeks a declaration from this Court that Defendants U.S. Department of Homeland Security ("DHS") and the State Department are in violation of the FOIA's Infosystems Requirement, and an order compelling both agencies to promptly publish an index and descriptions of all of their major information systems, as required by law.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C.

§ 552(a)(4)(B), and 28 U.S.C. § 1331. This Court has additional remedial authority under the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

8.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. §§ 1391(e) and 1402(a)(2), because Plaintiff IRAP's principal place of business is in

the Southern District of New York.

## PARTIES

9.      Plaintiff IRAP is a non-profit 501(c)(3) organization that uses media and policy

advocacy, direct legal aid, and litigation to advance and defend the legal and human rights of

refugees and others in need of humanitarian relocation.

10.      IRAP routinely files FOIA requests in support of its direct client advocacy, which

includes representing individuals seeking safe haven in the United States through the U.S.

Refugee Admissions Program ("USRAP") and Special Immigrant Visa ("SIV") programs for at-

risk Afghans and Iraqis.

11.      IRAP regularly uses the FOIA to gather information about agency actions and

decisions impacting immigrants and refugees. Through its website, social media channels, and

targeted advocacy, IRAP ensures that this information is widely available. IRAP publishes

reports, know-your-rights documents, and other educational materials that are widely

disseminated to the public—including refugees, non-profit organizations, lawyers, law students,

and policymakers.

12.      Defendant DHS is a cabinet department of the U.S. federal government that is

responsible for enforcing federal immigration law, including refugee and asylum law.

13.     Defendant USCIS is a component agency of DHS that plays a leading role in administering immigration laws and adjudicating immigration benefits, including USRAP and the Afghan and Iraqi SIV programs.

14.     Defendant State Department is a cabinet department of the U.S. federal government with the mission to lead America's foreign policy through diplomacy, advocacy, and assistance. Components of the State Department manage USRAP in conjunction with USCIS and the U.S. Department of Health and Human Services. The State Department also works jointly with USCIS on the Afghan and Iraqi SIV programs.

15.     IRAP has filed hundreds of FOIA requests seeking information from Defendants about individual clients and/or broader policies affecting refugees, as well as numerous lawsuits challenging Defendants' inadequate FOIA productions.

## BACKGROUND

16.     The FOIA promotes government transparency and accountability by ensuring public access to agency records.

17.     Over the past several decades, Congress has repeatedly amended the FOIA to strengthen federal disclosure requirements and to make it easier for members of the public to identify and request agency records.

18.     In 1996, Congress passed the E-FOIA amendments to ensure online access to agency records.

19.     The E-FOIA aimed to "promote uniformity among agencies [and] reduce uncertainty among FOIA requestors" by making agency records more accessible. H.R. Rep. No. 104-795, at 12 (1996).

20.     As part of the E-FOIA, Congress added the Infosystems Requirement, 5 U.S.C. § 552(g), requiring the head of each agency to prepare and, on request, to make publicly available a reference material or guide for requesting agency records.

21.     Congress described this reference guide as a "short and simple explanation" of how to request records under the FOIA, and envisioned that each agency would "follow a common format so that a requestor picking up guides from two or more agencies can easily find the information they are seeking."  H.R. Rep. No. 104-795, at 29-30.

22.     The FOIA Improvement Act of 2016 amended the Infosystems Requirement by requiring that each agency's reference guide be affirmatively published online, regardless of whether anyone requested this information.

<u>The FOIA's Infosystems Requirement</u>

23.     The Infosystems Requirement states that "[t]he head of each agency shall prepare and make available for public inspection in an electronic format, [a] reference material or a guide for requesting records or information from the agency." 5 U.S.C. § 552(g).

24.     Each agency's reference guide must include "an index of all major information systems of the agency." 5 U.S.C. § 552(g)(1).

25.     Each agency's reference guide must also include "a description of major information and record locator systems maintained by the agency." 5 U.S.C. § 552(g)(2).

26.     The Office of Management and Budget ("OMB")'s definition of major information systems applies in the context of the FOIA. OMB defines a major information system as "an information system that requires special management attention because of its importance to an agency mission; its high development, operating, or maintenance costs; or its

significant role in the administration of agency programs, finances, property, or other resources."[1]

27.     Notwithstanding the FOIA's mandate, neither the State Department nor DHS maintains a comprehensive index or descriptions of their major information systems.

28.     The incomplete information that Defendants do provide regarding their databases and information systems is scattered across various webpages and platforms, making it difficult and time-consuming for advocates to understand what records are available.

29.     As a result, IRAP staff spend hundreds of hours each year combing Defendants' websites for information about agency records, formulating FOIA requests, and arguing—in and out of court—over whether Defendants have disclosed sufficient information about immigration-related decisions and policies.

<u>DHS's Noncompliance with the Infosystems Requirement</u>

30.     USCIS's FOIA website is available at: https://www.uscis.gov/records/request-records-through-the-freedom-of-information-act-or-privacy-act.[2]

31.     USCIS's FOIA website does not contain, link to, or otherwise reference an index of major information systems or descriptions of such systems.

32.     DHS's FOIA Library is available at: https://www.dhs.gov/foia-library.

33.     DHS's FOIA Library contains a link entitled "Major Information Systems," which redirects to DHS's list of System of Record Notices ("SORNs") required by the Privacy Act.

---

[1] *Major Information Systems*, Freedom of Information Act, U.S. Dep't of State, https://foia.state.gov/Learn/MIS.aspx (last visited Nov. 17, 2021).

[2] Permanent links to all of the websites referenced in this Complaint, as they appeared on November 17, 2021, are included in the attached **Exhibit A.**

34.     DHS's SORNs website is available at: https://www.dhs.gov/system-records-notices-sorns. This page lists department-wide and component-specific notices, including notices by USCIS.

35.     The Privacy Act's definition of a "system of records," 5 U.S.C. § 552a(a)(5), is narrower than OMB's definition of a major information system.

36.     DHS's SORNs website is limited to systems of records as defined under the Privacy Act; it does not reflect all of the agency's major information systems.

37.     As a result, DHS's list of SORNs does not constitute an index of all major information systems of the agency or a description of all such systems as required by the FOIA's Infosystems Requirement.

<u>The State Department's Noncompliance with the Infosystems Requirement</u>

38.     The State Department's FOIA website includes a link to a page entitled "Major Information Systems," which is available at: https://foia.state.gov/Learn/MIS.aspx.

39.     The Major Information Systems page cites to OMB's definition and declares that "[d]etails concerning the [State] Department's Major information systems . . . are posted on the Federal IT Dashboard," at https://itdashboard.gov/drupal/summary/014.

40.     The IT Dashboard is designed to comply with OMB's obligations under the Federal Information Technology Reform Act, which Congress enacted in 2014 to monitor federal agencies' information technology acquisitions and expenditures.

41.     The IT Dashboard focuses on information technology investments made by federal agencies and does not capture all of the agency's major information systems.

42.     For example, the State Department's IT Dashboard does not include the Worldwide Refugee Admissions Processing System ("WRAPS"), an electronic case management and adjudication system that helps the government process refugee applications.

43.     Because the IT Dashboard does not include all of the State Department's major information systems, it does not constitute an index or descriptions of all such systems as required by the FOIA's Infosystems Requirement.

Defendants' Noncompliance with the Infosystems Requirement Harms IRAP

44.     To obtain basic information about the types of records and systems that exist, and, in turn, the types of records available through the FOIA, IRAP staff spend hours combing through Defendants' websites, electronic reading rooms, public statements, and other miscellaneous publications.

45.     If Defendants published indexes of their major information systems, IRAP would spend less time piecing together the types of records that exist and would be able to make more targeted and precise FOIA requests—for example, by asking Defendants for particular types of records or asking them to search within specific systems under their control.

46.     More precise FOIA requests would ensure that Defendants could spend less time identifying records responsive to IRAP's FOIA requests, thereby conserving agency resources as well.

47.     More precise FOIA requests would also reduce the resources IRAP must devote to its FOIA work by obviating the need for repeated back-and-forth with Defendants over issues such as: whether IRAP adequately described the records sought; whether Defendants actually possess the records in question; and whether Defendants searched within all of their relevant information systems for responsive records.

48.     Similarly, indexes of all of Defendants' major information systems would reduce uncertainty about which systems each individual Defendant has access to and regularly utilizes in the immigration and refugee contexts. This would in turn reduce the need for administrative appeals and federal litigation. *See, e.g.*, Int'l Refugee Assistance Project v. U.S. Citizenship & Immigr. Servs., No. 20-CV-4284 (RWL), 2021 WL 3115711, at *24-25 (S.D.N.Y. July 22, 2021) (granting partial summary judgment to IRAP in a dispute over whether USCIS had access to WRAPS, the principal database used for refugee processing).

IRAP Seeks Additional Information on Defendants' Implementation of the FOIA

49.     In addition to alleging a violation of the FOIA's Infosystems Requirement, IRAP seeks to compel the production of documents that Defendants USCIS and the State Department have unlawfully withheld under Section 552(a) of the FOIA.

50.     USCIS and the State Department have failed to produce any documents in response to IRAP's FOIA requests, filed with each agency in August 2021, for documents pertaining to the agencies' respective policies and practices for implementing the FOIA.

51.     For example, IRAP seeks to understand the circumstances that trigger Defendants to deny FOIA requests on the grounds that the requestor did not "reasonably describe" the records sought.

52.     Similarly, IRAP seeks clarity on whether Defendants treat FOIA requests differently based on their subject matter, the identity of the requestor, and/or if the records are the subject of litigation.

53.     In addition, IRAP seeks information about Defendants' policies for publishing frequently requested records online, so that IRAP can better evaluate whether and to what extent Defendants are complying with their affirmative obligations under 5 U.S.C. § 552(a)(2)(D).

54.     Each year, IRAP files numerous FOIA requests with Defendants for records related to individual clients or to broader policies and practices affecting refugees.

55.     In response to IRAP's FOIA requests, Defendants often produce heavily redacted records or, as in the present case, no records at all.

56.     IRAP frequently uses litigation as a tool to challenge the adequacy of Defendants' FOIA productions. IRAP is currently engaged in FOIA litigation with one or more of the Defendants in seven active cases, including four cases in the Southern District of New York. In 2021 alone, IRAP staff have spent more than 750 hours on FOIA-related litigation.

57.     The information IRAP requested would help IRAP make informed and judicious decisions about what records exist, how to formulate FOIA requests, and when to sue over inadequate disclosures—which would, in turn, help to conserve IRAP, agency, and judicial resources.

<u>IRAP's FOIA Request to USCIS</u>

58.     On August 20, 2021, IRAP submitted a FOIA request to USCIS through the agency's online Freedom of Information Act Immigration Records System, asking for records related to USCIS's major information systems and policies for complying with the FOIA. A copy of IRAP's request to USCIS is attached as **Exhibit B**.

59.     IRAP received email confirmation from USCIS that the FOIA request was successfully submitted and received by the agency on August 20.

60.     Nearly three months after IRAP submitted this FOIA request to USCIS, the request remains pending.

61.     Because USCIS failed to respond within the twenty day time limit prescribed by the FOIA, IRAP has constructively exhausted its administrative remedies with respect to this request. *See* 5 U.S.C. §§ 552(a)(6)(A)(i), (C)(i).

IRAP's FOIA Request to the State Department

62.     In August 2021, IRAP submitted a FOIA request to the State Department via certified mail, asking for records related to the State Department's major information systems and policies for complying with the FOIA. A copy of IRAP's request to the State Department is attached as **Exhibit C**.

63.     On September 22, 2021, the State Department sent an email denying IRAP's request. This email stated that IRAP did not "reasonably describe the records sought."

64.     IRAP timely appealed this denial. A copy of IRAP's administrative appeal is attached as **Exhibit D.**

65.     The State Department received IRAP's appeal by certified mail on October 18, 2021.

66.     As of filing, IRAP's administrative appeal remains pending.

67.     Because the State Department failed to respond within the twenty day time limit prescribed by the FOIA, IRAP has constructively exhausted its administrative remedies with respect to this request. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (C)(i).

**FIRST CLAIM FOR RELIEF**

**(Administrative Procedure Act, as to Defendants DHS and the State Department)**

68.     The foregoing allegations are repeated and realleged as though fully set forth herein.

11

69.     The Administrative Procedure Act ("APA") provides that a court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

70.     The APA further provides that a court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

71.     Defendants have not published on their websites an index of their respective major information systems, in violation of their obligations under the FOIA's Infosystems Requirement, 5 U.S.C. § 552(g)(1).

72.     Defendants have not published on their websites a description of the major information and record locator systems that they respectively maintain, in violation of their obligations under the FOIA, § 552(g)(2).

73.     Defendants' failure to publish this information on their websites violates the Infosystems Requirement and constitutes agency action unlawfully withheld or unreasonably delayed.

74.     To the extent that Defendants have taken any actions pursuant to the Infosystems Requirement, those actions are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

## SECOND CLAIM FOR RELIEF

**(Freedom of Information Act, as to Defendants USCIS and the State Department)**

75.     The foregoing allegations are repeated and realleged as though fully set forth herein.

76.     IRAP has a legal right under the FOIA to obtain the specific records sought in its FOIA requests, and Defendants' respective failures to promptly make the requested records available to Plaintiff have no legal basis.

77.     Defendant USCIS's failure to make a determination with respect to IRAP's FOIA request within twenty days (excepting Saturdays, Sundays, and legal public holidays) after receipt violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder, 6 C.F.R. § 5.6(c).

78.     Defendant State Department's failure to make a determination with respect to IRAP's appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after receipt violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and applicable regulations promulgated thereunder, 22 C.F.R. § 171.11(g).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.     Declare that USCIS and the State Department are in violation of the requirements of 5 U.S.C. § 552(g)(1)-(2);

2.     Order DHS and the State Department to make publicly available on their websites, within a set time period, an index of all of their respective major information systems;

3.     Order DHS and the State Department to make publicly available on their websites, within a set time period, descriptions of all of their respective major information and record locator systems;

4.     Order USCIS and the State Department to produce records responsive to IRAP's FOIA requests;

5.     Review any exemptions that Defendants claim under the FOIA de novo;

6.      Award Plaintiff's costs and reasonable attorneys' fees; and

7.      Grant any other such relief as the Court may deem just and proper.


Dated:  November 17, 2021                    Respectfully submitted,


                                             /s/ Alexandra Zaretsky
                                             Alexandra Zaretsky
                                             Mariko Hirose
                                             One Battery Park Plaza, 4th Floor
                                             New York, NY 10004
                                             Tel: 516-701-4620
                                             azaretsky@refugeerights.org
                                             mhirose@refugeerights.org