DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  ZACHARY BANNON
     ELLEN BLAIN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2728/2743
Fax: (212) 637-2717
E-mail: Zachary.Bannon@usdoj.gov
        Ellen.Blain@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

INTERNATIONAL REFUGEE ASSISTANCE : Case No. 21 Civ. 9519 (JLC)
PROJECT,

                     Plaintiff,       **ANSWER**

   -against-

U.S. DEPARTMENT OF HOMELAND
SECURITY, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, and U.S.
DEPARTMENT OF STATE,

                     Defendants

---------------------------------------------------------------- X

      Defendants the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("CIS"), and the U.S. Department of State ("State," and with DHS and CIS, the "Government"), by and through their attorney, Damian Williams, United States Attorney for the Southern District of New York, answer the correspondingly numbered paragraphs of Plaintiff International Refugee Assistance Project's ("IRAP") Complaint upon information and belief as follows:

1

**INTRODUCTION**

1. Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed to be required, the Government denies any suggestion that it has violated the Freedom of Information Act ("FOIA") and lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action.

2. Paragraph 2 consists of Plaintiff's characterization of this action and of FOIA, to which no response is required. To the extent a response is deemed to be required, the Government respectfully refers the Court to FOIA, 5 U.S.C. § 552, for a true and accurate statement of its contents, and lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's FOIA practices.

3. The Government admits that 5 U.S.C. § 552(g) was added to FOIA by passage of the Electronic Freedom of Information Act Amendments in 1996, and that 5 U.S.C. § 552(g) was subsequently amended in 2016. The Government respectfully refers the Court to that provision for a true and accurate statement of its contents. The Government denies the allegations set forth in the final sentence of Paragraph 3.

4. The Government admits the allegations set forth in Paragraph 4, except avers that CIS acknowledged receipt of Plaintiff's FOIA request on August 20, 2021.

5. Paragraph 5 consists of Plaintiff's characterization of this action and consists of a legal conclusion, to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action, but admits that this lawsuit seeks injunctive relief.

6. Paragraph 6 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action, but admits that this lawsuit seeks injunctive relief.

## JURISDICTION AND VENUE

7. Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government admits the allegations set forth in Paragraph 7.

8. Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

## PARTIES

9. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 9.

10. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 10.

11. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11.

12. The Government admits the allegations set forth in Paragraph 12.

13. Paragraph 13 consists of Plaintiff's characterization of the operations of CIS, to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth in Paragraph 13, except admits that CIS is a component agency of

DHS and that it administers immigration laws and takes a leading role in adjudicating immigration benefits.

14. Paragraph 14 consists of Plaintiff's characterization of the operations of State, to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth in Paragraph 14, except admits that State is a cabinet department of the United States government.

15. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 15.

## BACKGROUND

16. Paragraph 16 purports to construe the purpose of a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

17. Paragraph 17 purports to construe the amendment history of a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

18. The Government admits that the E-FOIA Amendments were enacted in 1996. To the extent Paragraph 18 purports to construe the purpose of those amendments, the Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

19. Paragraph 19 purports to construe the contents of a congressional report. The Government respectfully refers the Court to that report for a true and accurate statement of its contents.

20. Paragraph 20 purports to construe a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

21. Paragraph 21 purports to construe the contents of a congressional report. The Government respectfully refers the Court to that report for a true and accurate statement of its contents.

22. Paragraph 22 purports to construe a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

### The FOIA's Infosystems Requirement

23. Paragraph 23 purports to construe a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

24. Paragraph 24 purports to construe a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

25. Paragraph 25 purports to construe a federal statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

26. Paragraph 26 purports to construe the substance of a federal circular. The Government respectfully refers the Court to OMB Circular A-130 for a true and accurate statement of its contents.

27. The Government denies the allegations contained in Paragraph 27.

28. The Government denies the allegations contained in Paragraph 28.

29. The Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 29.

### DHS's Noncompliance with the Infosystems Requirement

30. The Government admits the allegations set forth in Paragraph 30.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations therein.

32. The Government admits the allegations set forth in Paragraph 32.

33. The Government admits the allegations set forth in Paragraph 33.

34. The Government admits the allegations set forth in the first sentence of Paragraph 34. The second sentence in Paragraph 34 seeks to construe the contents of the website referenced in the first sentence. The Government respectfully refers the Court to that website for a true and accurate statement of its contents.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

36. Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

37. Paragraph 37 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

<u>The State Department's Noncompliance with the Infosystems Requirement</u>

38. The Government admits the allegations set forth in Paragraph 38.

39. The Government admits the allegations set forth in Paragraph 39.

40. Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

42. The Government admits that State's IT Dashboard does not include the Worldwide Refugee Admissions Processing System.

43. Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

<u>Defendants' Noncompliance with the Infosystems Requirement Harms IRAP</u>

44. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 44.

45. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 44 provided, however, that the Government denies the premise that the Government has not published indexes of its major information systems.

46. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 46.

47. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 47.

48. The Government lacks knowledge and information sufficient to form a belief as to the truth of the matters asserted in Paragraph 48.

<u>IRAP Seeks Additional Information on Defendants' Implementation of the FOIA</u>

49. Paragraph 49 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action, but admits that this lawsuit seeks injunctive relief.

50. The Government admits the allegations set forth in Paragraph 50.

51. Paragraph 51 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action.

52. Paragraph 52 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action.

53. Paragraph 53 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed to be required, the Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's purpose for bringing this action.

54. The Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 54.

55. The Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 54, but denies any insinuation that the Government responds to Plaintiff's FOIA requests in a matter that does not comply with law.

56. The Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 56.

57. The Government lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 57.

IRAP's FOIA Request to USCIS

58. The Government admits that it received a FOIA request from Plaintiff on August 20, 2021. The remainder of Paragraph 58 purports to construe the contents of that FOIA request. The Government respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

59. The Government admits the allegations set forth in Paragraph 59.

60. The Government admits the allegations set forth in Paragraph 60.

61. Paragraph 61 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

IRAP's FOIA Request to the State Department

62. The Government admits that Plaintiff submitted a FOIA request to State in August 2021. The Government respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

63. The Government admits that State denied Plaintiff's FOIA request on September 22, 2021, and further admits that the language included in Paragraph 63 is quoted accurately from that denial.

64. Paragraph 64 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government admits that Plaintiff authored an administrative appeal on September 24, 2021. The Government respectfully refers the Court to that appeal for a true and accurate statement of its contents.

65. The Government admits the allegations set forth in Paragraph 65.

66. The Government denies the allegations set forth in Paragraph 66 and avers that State sent a letter on December 6, 2021 informing Plaintiff that its appeal had been overtaken by ongoing litigation.

67. Paragraph 67 consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

<b>FIRST CLAIM FOR RELIEF</b>

68. The Government incorporates the allegations of the preceding paragraphs as if fully set forth herein.

69. Paragraph 69 purports to construe the contents of a statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

70. Paragraph 70 purports to construe the contents of a statute. The Government respectfully refers the Court to that statute for a true and accurate statement of its contents.

71. The Government denies the allegations set forth in Paragraph 71.

72. The Government denies the allegations set forth in Paragraph 72.

73. The Government denies the allegations set forth in Paragraph 73.

74. The Government denies the allegations set forth in Paragraph 74.

## SECOND CLAIM FOR RELIEF

75. The Government incorporates the allegations of the preceding paragraphs as if fully set forth herein.

76. Paragraph 76 consists of legal conclusions, to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

77. Paragraph 77 consists of legal conclusions, to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

78. Paragraph 78 consists of legal conclusions, to which no response is required. To the extent a response is deemed to be required, the Government denies the allegations set forth therein.

## PRAYER FOR RELIEF

The final WHEREFORE paragraph constitutes a prayer for relief to which no response is required.  To the extent that a response is deemed to be required, the Government denies each and

every factual allegation that may be deemed to be contained in the WHEREFORE paragraph in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, the Government alleges as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

### THIRD DEFENSE

At all times alleged in the Complaint, the Government acted in good faith, with justification, and pursuant to authority.

### FOURTH DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under the Freedom of Information Act.

### FIFTH DEFENSE

The Freedom of Information Act does not require the Government to create new records, provide reasons for its actions, or explain the conduct of the agency.

### SIXTH DEFENSE

The Government's actions are not arbitrary or capricious, are not otherwise contrary to law, and are supported by substantial evidence.

### SEVENTH DEFENSE

This Court lacks subject matter jurisdiction.

**EIGHTH DEFENSE**

Plaintiff's claims and prayer for relief are subject to, and limited by, the Administrative Procedure Act, including any provisions not specifically identified in this Answer.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are barred by applicable statutes of limitations.

**TENTH DEFENSE**

To the extent that Defendant has exercised due diligence in processing Plaintiffs' FOIA request and exceptional circumstances exist, Defendant should be allowed additional time to process the request.  5 U.S.C. § 552(a)(6)(C).

The Government asserts that it has, or may have, additional defenses which are not presently known to it at this time.  Accordingly, the Government reserves the right to assert every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the Government demands judgment dismissing the Complaint and granting such other and further relief as this Court deems just and proper.

Dated:      January 31, 2022
            New York, New York

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                            By:     /s/ Zachary Bannon
                                        ZACHARY BANNON
                                        ELLEN BLAIN
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2728/2743